## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| TAYLOR N. HILLIARD, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:19-cv-00709 |
| PIONEER CREDIT RECOVERY, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

### COMPLAINT

NOW comes TAYLOR N. HILLIARD ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of PIONEER CREDIT RECOVERY, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.   Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.,* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.   This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

4.   Plaintiff is a 25 year-old consumer, residing in Dallas County, Texas, which lies within the Northern District of Texas.

5.   Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39).

6.   Defendant promotes itself as "a national leader in the collection industry providing collection services on defaulted debt."[1] Defendant is a debt collector that collects upon a variety of debts, including student loans. Defendant is a corporation organized under the laws of the state of Delaware with its principal place of business located at 26 Edward Street, Arcade, New York 14009.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9.   Several years ago, Plaintiff financed her higher education through student loans.

10.   Due to financial hardship, Plaintiff fell behind on her scheduled student loan payments, thus incurring debt ("subject debt").

11.   The subject debt was subsequently turned over to Defendant for collection.

---

[1] https://www.pioneercreditrecovery.com/About.aspx

12.   Around February of 2019, Plaintiff was notified, by her employer, that Plaintiff's wages would begin to be garnished pursuant to Defendant's Wage Garnishment Order.

13.   Plaintiff was not aware that Defendant was attempting to collect upon the subject debt until her employer notified Plaintiff of the Wage Garnishment Order.

14.   Thereafter, Plaintiff contacted Defendant to inquire about the subject debt.

15.   During an a phone call with Defendant, one of Defendant's representatives verbally abused Plaintiff and referred to her as a "stupid cunt."

16.   Plaintiff was greatly insulted by Defendant's conduct and attempted to privately resolve Defendant's abusive conduct.

17.   In spite of Plaintiff's efforts, Defendant consistently ignored Plaintiff's grievances.

18.   Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights.

19.   Plaintiff has incurred costs and expenses consulting with and retaining her attorneys as a result of Defendant's conduct.

20.   Plaintiff has suffered concrete harm due to Defendants conduct, including but not limited to, aggravation, invasion of privacy, and emotional distress.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed

or due to others. Defendant has been a member of the Association of Credit Collection Professionals, an association of debt collectors, since 1987.[2]

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.  Violations of §1692d

26. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(2) forbids "[t]the use of obscene language or language the natural consequence of which is to abuse the hearer or reader."

27.  Defendant violated §1692d and d(2) when it used obscene language to harass and abuse Plaintiff. Defendant outrageously referred to Plaintiff as a "stupid cunt." Any reasonable fact finder will conclude that Defendant's offensive language was used to explicitly to harass and abuse Plaintiff.

### b.  Violations of FDCPA § 1692e

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

30. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant implicitly represented that it could harass and

---

[2] https://www.acainternational.org/search#memberdirectory

oppress Plaintiff when it referred to Plaintiff as a "stupid cunt" without any provocation. Defendant's actions only served to worry and confuse Plaintiff.

### c. Violations of FDCPA § 1692f

31. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

32. Defendant violated §1692f by employing unfair means to collect upon subject debt from Plaintiff. Specifically, it was unfair for Defendant to use obscene language to assault Plaintiff in its debt collection campaign. Any reasonable fact finder will conclude that Defendant's verbal assault was an unfair and unconscionable effort to collect upon the subject debt.

WHEREFORE, Plaintiff, TAYLOR N. HILLIARD, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

35. Defendant is a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(7).

36. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a.  Violations of TDCA § 392.302

37. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(1), states that "a debt collector may not oppress, harass, or abuse a person by using profane or obscene language intended to abuse unreasonably the hearer or reader[.]"

38. Defendant violated the TDCA by using profane and obscene language for the express purpose of abusing Plaintiff. By calling Plaintiff a "stupid cunt," Defendant transparently attempted to harass Plaintiff into submission. Consequently, Defendant's debt collection practices violated the TDCA.

WHEREFORE, Plaintiff, TAYLOR N. HILLIARD, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c.  Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d.  Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

e.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

g.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 21, 2019                                    Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 581-5858 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com